**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF COLTON, a California municipal corporation, | No. 06-56727 |
| Plaintiff - Appellee, | D.C. No. CV-05-01479-JFW |
| v. | |
| AMERICAN PROMOTIONAL EVENTS, INC. - WEST; et al., | MEMORANDUM [*] |
| Defendants, | |
| PYROTRONICS CORP.; et al., | |
| Defendants, | |
| and | |
| PYRO SPECTACULARS, INC., | |
| Defendant - Appellant, | |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE, | |
| Third-party-defendant - | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee.

CITY OF COLTON, a California municipal corporation,

No. 07-55027

D.C. No. CV-05-01479-JFW

Plaintiff - Appellee,

v.

AMERICAN PROMOTIONAL EVENTS, INC. - WEST; et al.,

Defendants,

KWIKSET LOCKS, INC.; et al.,

Defendants,

and

GOODRICH CORPORATION,

Defendant - Appellant,

v.

UNITED STATES DEPARTMENT OF DEFENSE,

Third-party-defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted January 11, 2010
Pasadena, California

Before: GOODWIN, CANBY, and O'SCANNLAIN, Circuit Judges.

Goodrich Corporation ("Goodrich") and Pyro Spectaculars, Inc. ("PSI") cross-appeal from the dismissal of their counterclaims and cross-claims for cost recovery under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a).[1] The facts are known to the parties, and we do not repeat them here except as necessary.

I

We reject the contention that the cross-appeals are moot because Goodrich and PSI have asserted similar cost recovery claims in subsequent proceedings. "The mere pendency of parallel actions seeking the same relief does not of itself moot either action." 13A Charles Alan Wright et al., *Federal Practice & Procedure* § 3533.2.1 (3d ed. 2009).

II

The district court held that Goodrich and PSI did not plead claims for cost recovery, but rather for contribution only. Even if Goodrich captioned its claims as

---

[1] The City of Colton's appeal in No. 06-56718 is addressed in an opinion filed concurrently with this memorandum disposition.

3

for contribution only, it is the substance of the claim rather than the caption that controls. *See Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1064 n.2 (9th Cir. 2002). Goodrich alleged not only all of the elements of a prima facie claim for cost recovery, *see Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870-71 (9th Cir. 2001) (en banc), but also sufficient facts to provide "general notice of the nature of the CERCLA claim," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1156 (9th Cir. 1989). Furthermore, Goodrich's pleadings specifically sought "reimbursement . . . for all response costs" as well as "cost recovery . . . for past and future response costs." We are thus satisfied that Goodrich adequately pled claims under section 107(a).

Although PSI did not seek to recover its response costs in its cross-complaint, the parties stipulated in Case Management Order 2 that "[e]ach defendant . . . is deemed to assert cross-claims under CERCLA sec. 107(a) for response costs . . . against each separately represented defendant." This pretrial order "controls the course of the action," Fed. R. Civ. P. 16(d), and is binding on the parties, *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 996 (9th Cir. 2009). Moreover, PSI's cross-complaint alleged all of the necessary elements of a prima facie section 107(a) claim as well as sufficient facts to put the other

4

defendants on notice of the nature of the claim. Consequently, we are satisfied that

PSI asserted claims under section 107(a).[2]

### III

The district court also held that to the extent Goodrich alleged claims under

section 107(a), it did so solely to effectuate its claims for contribution. In so

holding, the district court relied upon *Pinal Creek Group v. Newmont Mining

Corp.*, in which we held that "a claim by one PRP [potentially responsible party]

against another PRP necessarily is for contribution," and that sections 107 and 113

work together to "provide and regulate a PRP's right to claim contribution from

other PRPs." 118 F.3d 1298, 1301 (9th Cir. 1997).

Subsequent to the district court's decision, the Supreme Court clarified that

"§§ 107(a) and 113(f) provide two clearly distinct remedies," the former for

recovery of clean-up costs incurred by a private party, and the latter for

contribution "upon an inequitable distribution of common liability among liable

parties." *United States v. Atl. Research Corp.*, 551 U.S. 128, 138-39 (2007)

(internal quotation marks omitted). Accordingly, we overruled *Pinal Creek*'s

holding that an action between PRPs is necessarily for contribution. *Kotrous v.*

---

[2] Both Goodrich and PSI agree that they asserted no cost recovery claims against the United States Department of Defense, which is therefore not a proper party to this appeal.

5

*Goss-Jewett Co. of N. Cal., Inc.*, 523 F.3d 924, 933 (9th Cir. 2008). We explained that "[u]nder *Atlantic Research*, a PRP . . . that incurs costs voluntarily, without having been subject to an action under § 106 or § 107, may bring a suit for recovery of its costs under § 107(a)." *Id.*

In light of *Atlantic Research* and *Kotrous*, we conclude that both Goodrich's and PSI's section 107(a) counterclaims and cross-claims for cost recovery should have survived the district court's grant of summary judgment on Colton's claims. We therefore vacate the order of the district court to the extent that it dismisses Goodrich's and PSI's section 107(a) claims.[3] On remand, the district court shall consider the merits of these claims in the first instance.

**VACATED and REMANDED.**

---

[3] In light of the foregoing, we need not consider whether the district court's dismissal of these claims was procedurally improper.

6